FILED

03 NOV 20  P 4 02

US DISTRICT COURT
HARTFORD CT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACCEL INTERNATIONAL CORPORATION, et al. | Civil Action 3:03CV983 RNC |
| v. | |
| THOMAS J. RENWICK | November 20, 2003 |

### RESPONSIVE PLEADING AND AMENDED COUNTERCLAIM

The defendant responds to the plaintiffs' complaint, answering and setting forth

affirmative defenses as follows:

ANSWER

Count One:

1.    Responding to paragraph 1 of Count One of the Complaint, the defendant

admits that at times before January 2000 he was employed by Plaintiff AIM

and that he owned shares therein but denies that he was a "principal owner and

operator" thereof. The remaining allegations of paragraph 1 are denied.

2.    Responding to paragraph 2 of Count One of the Complaint, the defendant has insufficient first hand knowledge with which to respond, but he is informed that the facts alleged therein are true.

3.    Responding to paragraph 3 of Count One of the Complaint, the defendant has insufficient first hand knowledge with which to respond, but he is informed that the facts alleged therein are true.

4.    The allegations of paragraph 4 of Count One of the Complaint are denied.

5.    (1)    Responding to the first sentence of paragraph 5 of Count One of the Complaint, the defendant admits that he was generally in charge of the

-2-

claims operations of AIM, subject to the control and supervision of the president and board of directors thereof. On or about January 11, 2000, he was given an employment contract, a copy of which is attached as Exhibit 1, making him an employee of Accel with the title of Senior Vice President – Claims. Except as admitted, the first sentence of paragraph 5 of Count One is denied.

(2,3)   Although the defendant is aware that AIM was merged into Accel in January 2000, he is without sufficient information to respond to the second and third sentences of paragraph 5 of Count One of the Complaint.

6.    The defendant admits the first sentence of paragraph 6 of Count One of the Complaint, but denies the second sentence thereof.

-3-

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

7.      Responding to paragraph 7 of Count One of the Complaint, the defendant has

insufficient first hand knowledge with which to respond, but he is informed

that the facts alleged therein are true.


8.      Inasmuch as paragraph 8 of Count One of the Complaint, is a conclusion of

law and not an allegation of fact no answer is required, but to the extent that

an answer is deemed required the defendant has insufficient first hand

knowledge with which to respond.


9.      Although the first sentence of paragraph 9 of Count One of the Complaint is

admitted, the remainder of that paragraph is denied.


10.     Paragraph 10 of Count One of the Complaint is denied.


11.     Inasmuch as paragraph 11 of Count One of the Complaint, is a conclusion of

-4-

law and not an allegation of fact no answer is required, but to the extent that an answer is deemed required it is denied.

12.    Inasmuch as paragraph 12 of Count One of the Complaint, is a conclusion of law and not an allegation of fact no answer is required, but to the extent that an answer is deemed required it is denied.

**Second Count:**

1.    Inasmuch as paragraph 1 of the Second Count of the Complaint incorporates the plaintiffs' allegations in paragraphs 1 through 12 of Count One of the Complaint, the defendant hereby incorporates his responses to paragraphs 1 through 12 of Count One of the Complaint, as his response to paragraph 1 of the Second Count of the Complaint

13.    Responding to paragraph 13 of the Second Count of the Complaint, the

-5-

defendant admits that he took personal notes. While he made no secret of such notes, he is unaware as to whether the plaintiffs had knowledge of his notes. As to the content of the notes, the documents have been produced at the plaintiff's deposition taken pursuant to a subpoena issued by this Court, and will speak for themselves. Except as admitted, the remaining allegations of paragraph 13 of the Second Count of the Complaint are denied.

14.    Paragraph 14 of the Second Count of the Complaint is denied.

15.    Paragraph 15 of the Second Count of the Complaint is denied.

**Third Count:**

1.    Inasmuch as paragraph 1 of the Third Count of the Complaint incorporates the plaintiffs' allegations in paragraphs 1 through 15 of the Second Count of the

-6-

Complaint, the defendant hereby incorporates his responses to paragraphs 1 through 15 of the Second Count of the Complaint, as his response to paragraph 1 of the Third Count of the Complaint

16. Paragraph 16 of the Third Count of the Complaint is admitted.

17. Paragraph 17 of the Third Count of the Complaint is admitted.

18. Paragraph 18 of the Third Count of the Complaint is denied.

19. Paragraph 19 of the Third Count of the Complaint is denied.

**Fourth Count:**

1. Inasmuch as paragraph 1 of the Fourth Count of the Complaint incorporates the

-7-

plaintiffs' allegations in paragraphs 1 through 19 of the Third Count of the Complaint, the defendant hereby incorporates his responses to paragraphs 1 through 19 of the Second Count of the Complaint, as his response to paragraph 1 of the Fourth Count of the Complaint

20.    Paragraph 20 of the Fourth Count of the Complaint is denied.

21.    Paragraph 21 of the Third Count of the Complaint is denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the doctrine of absolute privilege for judicial testimony.

-8-

**THIRD AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred by the doctrine of qualified privilege.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, by the business judgment rule.

**FIFTH AFFIRMATIVE DEFENSE**

The damages alleged in the Complaint, to the extent they exist, were caused by the superseding, intervening acts and conduct of other third persons or parties, over whom the defendant had no control or right of control, or by operation of law.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint is barred, or recovery reduced, in whole or in part, by the contributing or comparative negligence, fault or actionable conduct of third persons

-9-

or parties which caused or contributed to all or a percentage of the alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, including the remedies sought therein, is barred, in whole or in part, by the state and federal Constitutions.

## EIGHTH AFFIRMATIVE DEFENSE

The causes of action and relief requested in the Complaint are barred, in whole or in part, by the doctrines of waiver, laches, estoppel and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The causes of action and relief requested in the Complaint are barred, in whole or in part, by 18 U.S.C. § 1512.

-10-

**TENTH AFFIRMATIVE DEFENSE**

The plaintiffs' Complaint is barred, in whole or in part, by the doctrine of in pari delicto.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional affirmative defenses or matters of avoidance as they may be revealed in discovery or otherwise become available.

## COUNTERCLAIM

Having fully answered the plaintiffs' complaint, the defendant assumes the role of counterplaintiff and asserts the following claims against the Accel and AIM:

**COUNT ONE**

1.   Renwick repeats and reavers his foregoing allegations and states further that the plaintiffs, not the defendant, breached employment agreement. More

-11-

specifically,

a.    Accel and AIM failed or refused to pay Renwick his salary;

b.    Accel and AIM failed and refused to allow Renwick to exercise the authority, power, function and duties of the Senior Vice President – Claims;

c.    Accel and AIM sent Renwick on business trip and then refused to reimburse Renwick for the business expenses incurred on behalf of Accel and AIM;

d.    Accel and AIM failed or refused to continue in effect employee benefits in which Renwick was participating and taking actions adversely affecting Renwick's participation in his employment benefits;

e.    In refusing to issue stock certificates to which the plaintiff was entitled;

-12-

      f.     Otherwise breached the employment agreement.

2.    As the result of these breaches of the parties' agreement, Renwick was damaged.


## COUNT TWO

3    Renwick repeats and reavers all the foregoing allegations of this pleading and further avers that Accel and AIM owed a duty of good faith and fair dealing arising out of Renwick's employment agreement with Accel and AIM.


4.    On account of Accel and AIM's actions this covenant of good faith and fair dealing was breached and  Renwick was damaged.

-13-

## COUNT THREE

5.  Renwick repeats and reavers all the foregoing allegations of this pleading and further avers that Accel and AIM owed a statutory duty to Renwick under 18 U.S.C. § 1512 not to tamper with his testimony in a federal deposition.

6.  Accel and AIM breached this duty by bringing an action against Renwick in the Connecticut Superior Court with the specific intent of affecting Renwick's testimony, seeking to enjoin Renwick's testimony in a federal deposition and claiming damages from Renwick for testimony heretofore given in such deposition.

7.  As a result of the plaintiffs' acts, Renwick was obligated to employ counsel, and incur costs, and suffer other damages.

-14-

## COUNT FOUR

8.    The plaintiff repeats, reiterates and reavers the foregoing allegations.

9.    At all times material to this counterclaim, there was in full force and effect, a statute known as the Securities Exchange Act of 1934.  Section 10(b) of that Act prohibits the "use or employ[ment], in connection with the purchase or sale of any security registered on a national securities exchange ... any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." Securities Exchange § 10(b), 15 U.S.C. § 78j(b).

10.    Pursuant this statutory provision, the Securities and Exchange Commission has promulgated a regulation known as Rule 10b-5, 17 C.F.R. § 240.10b-5, which specifies that:

-15-

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a)    To employ any device, scheme, or artifice to defraud,

(b)    To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c)    To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

11.    At all times material to this complaint, there was in full force and effect another statute, known as Section 17(a) of the Securities Act of 1933, which provides that:

It shall be unlawful for any person in the offer or sale of any securities ... by the use of any means or instruments of transportation or communication in

-16-

interstate commerce or by use of the mails, directly or indirectly —

    (1)    to employ any device, scheme, or artifice to defraud, or

    (2)    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (3)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

Securities Act § 17, 15 U.S.C. § 77q.

12.    The counterdefendants granted Renwick the right to obtain stock and severance compensation under the provisions of the Employment Contract relating to the termination of employment by the employee for Good Reason

-17-

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

(the "TGR" provisions), but secretly intended not to allow Renwick to exercise his rights under the TGR provisions.

13. In refusing to allow Renwick to exercise his rights under the TGR provisions, the counterdefendants acted with an intent to deceive, manipulate or defraud Renwick.

14. The counterdefendants' acts were committed in connection with the purchase or sale of securities, i.e., the sale of Accel shares pursuant to the Employment Contract.

15. The counterdefendants used means or instrumentalities of interstate commerce such as telephones, or of the mails, or of the facilities of a national stock exchange such as NASDAQ.

-18-

16.    As a result of the Renwick's reliance on the defendants' misrepresentations and

omissions of material facts, Renwick suffered damage.


WHEREFORE, the defendant, Thomas J. Renwick, prays for the following

relief:

       (a)    That the Complaint against him be dismissed with prejudice and that judgment be rendered in his favor and against Accel and AIM on the Complaint;

       (b)    An order requiring the plaintiffs to issue the stock in accord with their contractual obligations;

       (c)    Money damages, compensatory, exemplary and punitive, as provided by law;

       (c)    Costs and attorneys' fees;

       (d)    Interest as provided by law and by the parties' contractual undertakings; and

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS No. 307697

(e)   Such other, further or different relief as the court deems necessary to do justice.

DEFENDANT AND COUNTERPLAINTIFF
THOMAS J. RENWICK

By  _____
          Oliver B. Dickins, ct15648
His attorney

-20-

## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing document, **Responsive Pleading and Amended Counterclaim**, has been sent by first class mail to the following:

> Richard P. Weinstein, Esq.
> Weinstein & Wisser, P.C.
> 29 South Main Street, Suite 207
> West Hartford, Connecticut 06107
>      Attorney for the plaintiffs.

Dated: November 20, 2003.

_____
Oliver B. Dickins

-21-