FILED

2003 NOV 20 P 4: 02

US DISTRICT COURT
HARTFORD CT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ACCEL INTERNATIONAL CORPORATION, et al.** | Civil Action 3:03CV983 RNC |
| v. | |
| **THOMAS J. RENWICK** | November 20, 2003 |

## NOTICE OF AMENDMENT

The plaintiffs having failed to file a reply to the defendant's counterclaim in this action, please take notice that, the counterplaintiff, Thomas J. Renwick, acting pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby amends his counterclaim for the first time as follows:

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

**I.**

a.    By adding the following Count Four to the counterclaim:

**COUNT FOUR**

8.    The plaintiff repeats, reiterates and reavers the foregoing allegations.

9.    At all material times to this counterclaim, there was in full force and effect, a statute known as the Securities Exchange Act of 1934. Section 10(b) of that Act prohibits the "use or employ[ment], in connection with the purchase or sale of any security registered on a national securities exchange ... any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." Securities Exchange § 10(b), 15 U.S.C. § 78j(b).

10.    Pursuant to this statutory provision, the Securities and Exchange Commission has promulgated a regulation known as Rule 10b-5, 17 C.F.R. § 240.10b-5, which specifies that:

-2-

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

11. At all times material to this complaint, there was in full force and effect another statute, known as

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

Section 17(a) of the Securities Act of 1933, which provides that:

> It shall be unlawful for any person in the offer or sale of any securities ... by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly —
>
> (1) to employ any device, scheme, or artifice to defraud, or
>
> (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
>
> (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

-4-

Securities Act § 17, 15 U.S.C. § 77q.

12. The counterdefendants granted Renwick the right to obtain stock and severance compensation under the provisions of the Employment Contract relating to the termination of employment by the employee for Good Reason (the "TGR" provisions), but secretly intended not to allow Renwick to exercise his rights under the TGR provisions.

13. In refusing to allow Renwick to exercise his rights under the TGR provisions, the counterdefendants acted with an intent to deceive, manipulate or defraud Renwick.

14. The counterdefendants' acts were committed in connection with the purchase or sale of securities, i.e., the sale of Accel shares pursuant to the Employment Contract.

15. The counterdefendants used means or instrumentalities of interstate commerce such as telephones, or of the mails, or of the facilities of a national stock exchange such as NASDAQ.

16. As a result of the Renwick's reliance on the defendants' misrepresentations and omissions of material facts, Renwick suffered damage.

## II.

By amending the prayer of the counterclaim to more fully set forth the relief claimed, so that the amended prayer will read as follows:

>    WHEREFORE, the defendant, Thomas J. Renwick, prays for the following relief:
>
>    (a) That the Complaint against him be dismissed with prejudice and that judgment be rendered in his favor and against Accel and AIM on the Complaint;
>
>    (b) An order requiring the plaintiffs to issue the stock in accord with their contractual obligations;
>
>    (c) Money damages, compensatory, exemplary and punitive, as provided by law;
>
>    (c) Costs and attorneys' fees;
>
>    (d) Interest as provided by law and by the parties' contractual undertakings; and
>
>    (e) Such other, further or different relief as the court deems necessary to do justice.

-6-

### III.

A copy of the amended pleading is attached.

COUNTERPLAINTIFF
THOMAS J. RENWICK

By _____
    Oliver B. Dickins, ct15648
    e-mail: oliverb@snet.net
His attorney

## **CERTIFICATE OF SERVICE**

This certifies that a copy of the foregoing document, **Notice of Amendment,** together with the exhibit thereto, has been sent by first class mail to the following:

>Richard P. Weinstein, Esq.
>Weinstein & Wisser, P.C.
>29 South Main Street, Suite 207
>West Hartford, Connecticut 06107
>>Attorney for the plaintiffs.

Dated: November 20, 2003.

_____
Oliver B. Dickins