UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC -8 P 2:40

US DISTRICT COURT
HARTFORD CT

ACCEL INTERNATIONAL CORP.　　　:
and ALLEGIANCE INSURANCE　　　　:
MANAGERS, LTD.,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　Plaintiffs,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　　: 　CASE NO. 3:03CV983(RNC)
　　　　　　　　　　　　　　　　　　　　:
THOMAS RENWICK,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　Defendant.　　　　　　　　　　　:

RECOMMENDED RULING ON PLAINTIFFS' MOTION TO REMAND

The plaintiffs, Accel International Corp ("Accel") and Allegiance Insurance Managers LTD ("AIM"), a subsidiary of Accel, commenced this action in Connecticut Superior Court against the defendant, Thomas Renwick ("Renwick"), a former employee of AIM. The defendant removed the action to federal court. Pending before the court is the plaintiffs' motion seeking remand to state court and an award of costs, including attorney's fees, incurred as a result of the removal. (Doc. #11.) For the reasons set forth below, the court recommends that the plaintiffs' motion be granted.

I.　Factual Background

The plaintiff AIM, an insurance agent for Fireman's Fund Insurance Company ("Fireman's Fund"), sold workers' compensation insurance through Southern Cross Underwriters, Inc. ("Southern Cross") and Southern Insurance Managers, Inc. ("Southern Insurance Managers"). Southern Cross and Southern Insurance Managers were sued by an insurance agency in federal court in Mississippi (the

"Mississippi federal case") regarding nonpayment of workers' compensation commissions. Farris Evans Insurance Agency, Inc. v. Southern Cross Underwriters, Inc., 3:01CV865 (S.D. Miss. 2001). In turn, Southern Cross and Southern Insurance Managers filed a third party complaint against AIM alleging that AIM (and Accel) received funds from Fireman's Fund but used the funds for purposes other than paying commissions. Renwick, a non-party, was deposed in the Mississippi federal case. During his deposition, Renwick disclosed that he maintained a diary during his employment with AIM. Upon request, he produced it.

Thereafter, AIM and Accel commenced the instant action against Renwick in Connecticut state court. The plaintiffs allege that (1) Renwick is responsible for the "alleged misuse of funds received by AIM from Fireman's Fund" at issue in the Mississippi federal case and as relief, they seek indemnification;[1] (2) Renwick tape recorded AIM and Accel employees' telephone conversations in violation of Conn. Gen. Stat. § 52-570d[2] and memorialized the

---

[1] Specifically, the plaintiff AIM seeks indemnification from Renwick to the extent of any liability imposed upon it by virtue of the Mississippi federal case (compl. ¶11) and the plaintiff Accel seeks indemnification from Renwick for "any damage to its subsidiary AIM which affects Accel." (Compl. ¶12.)

[2] Conn. Gen. Stat. § 52-570d provides in pertinent part:

(a) No person shall use any instrument, device or equipment to record an oral private telephonic communication unless the use of such instrument, device or equipment (1) is preceded by consent of all parties to the communication and such prior consent either is obtained in writing or is part of, and obtained at the start of, the recording, or (2) is

2

improperly taped conversations in his diary; and (3) Renwick breached his employment agreements and the implied covenant of good faith and fair dealing. In their prayer for relief, the plaintiffs seek, <u>inter alia</u>, "temporary and permanent injunctive relief against the distribution or use of defendant Renwick's diary and any material containing information and any transcription, summaries or any other derivative use thereof." The defendant Renwick removed the complaint to federal court on the grounds that federal question jurisdiction exists. This motion followed.

II. <u>Legal Standard</u>

A civil action "which was originally filed in state court may be removed by a defendant to federal court only if the case could have been originally filed in federal court." <u>Hernandez v. Conriv Realty Associates</u>, 116 F.3d 35, 38 (2d Cir. 1997). Where, as here, the parties are not diverse, removal is proper only if the case falls within the district court's original federal question jurisdiction. <u>See</u> 28 U.S.C. § 1331, 1441(b); <u>Franchise Tax Board v. Construction Laborers Vac. Tr.</u>, 463 U.S. 1, 8 (1983). "To determine whether 'federal question jurisdiction can be a basis for removal, courts are guided by the well-pleaded complaint rule,

---

preceded by verbal notification which is recorded at the beginning and is part of the communication by the recording party, or (3) is accompanied by an automatic tone warning device which automatically produces a distinct signal that is repeated at intervals of approximately fifteen seconds during the communication while such instrument, device or equipment is in use.

3

which provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law . . . and only when plaintiff's well-pleaded complaint raises issues of federal law.'" Lechleiter v. Clairol Inc., 245 F. Supp.2d 432, 435 (D.Conn. 2003) (quoting Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998)). "The 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts. . . . One corollary of the well-pleaded complaint rule . . . is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). The burden of proving federal jurisdiction rests with the party seeking to remove an action from state to federal court. Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998). See also First American Casino Corp. v. Eastern Pequot Nation, 175 F. Supp.2d 205, 207 (D.Conn. 2000) ("Defendant bears the burden of demonstrating that removal was proper.") "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." Somlyo v. J. Lu-Job Enterprises, Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991).

III. Discussion

The plaintiffs seek to remand the action to state court. They argue that no federal jurisdiction exists because all of their causes of action are state law claims.

4

The defendant's insistence upon the existence of federal jurisdiction centers on his diary. As part of their prayer for relief, the plaintiffs ask that distribution of the defendant's diary be enjoined. The defendant notes that the diary is expected to be the subject of additional discovery in the Mississippi federal case; therefore, he argues, a request to enjoin distribution of the diary is tantamount to a request to "limit the scope of discovery" in the Mississippi federal case. Federal jurisdiction exists, the defendant reasons, because only a federal court has the authority to control discovery in a federal case. (Def's Mem. in Opp'n at 9-10.) More specifically, he argues that Federal Rules of Civil Procedure "completely preempt state law in the area of federal procedure," including discovery. (Def's Mem. in Opp'n at 13; Tr. 11/4/03 at 9.)

The court is unpersuaded. The plaintiffs' complaint asserts state statutory and common law causes of action. No application or construction of federal law -- including the federal rules of civil procedure -- is required to adjudicate the plaintiffs' claims. Moreover, as the plaintiffs point out, the inclusion in the complaint of a request for injunctive relief regarding the diary cannot strip the Mississippi federal court of its authority to guide and control discovery in its case.

The plaintiffs seek an award of their reasonable costs and attorney's fees resulting from the defendant's removal of this case. Section 1447(c) provides in pertinent part that "[a]n order

remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c). The statute "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees." Morgan Guar. Trust of New York v. Republic of Palau, 971 F.2d 917, 924 (2d Cir. 1992).

> A district court should exercise its discretion in furtherance of the statutory goal to deter improper removal, [Circle Indus. v. Parke Const. Group, Inc., 183 F.3d 105, 109 (2d Cir. 1999)], where the grounds for removal are contrary to overwhelming authority, Wallace v. Wiedenbeck, 985 F. Supp. 288, 291 (N.D.N.Y. 1998), or without any reasonable basis, Children's Vill. v. Greenburgh Eleven Teachers' Union Fed'n of Teachers, Local 1532, 867 F. Supp. 245, 248 (S.D.N.Y. 1994).

Treasurer of State of Connecticut v. Fortsmann Little & Co., No. 3:02CV519(JBA), 2002 WL 31455245, at *6 (D.Conn. Oct. 15, 2002) (internal quotation marks omitted). See also Ecology & Environment, Inc. v. Automated Compliance Systems, Inc., No. 00-CV-0887E(F), 2001 WL 1117160, at *6 (W.D.N.Y. 2001) (awarding plaintiff attorney's fees incurred in moving to remand where defendants failed to establish reasonable basis for removal). Because the defendant's removal lacked a reasonable basis and was not plausibly supported by existing case law, the plaintiffs should be awarded their reasonable costs. The plaintiffs may submit an affidavit itemizing the costs and attorney's fees they incurred in moving to remand this case. The defendant may file any objections to such amounts within twenty-one days thereafter.

IV. <u>Conclusion</u>

For these reasons, the court recommends that the plaintiffs' motion (doc. #11) be GRANTED and the case be remanded to the Superior Court for the Judicial District of Hartford. The court further recommends that the plaintiffs be awarded their costs incurred as a result of the removal.

Either party may seek the district court's review of this recommendation. <u>See</u> 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within ten days after service of same); Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992)(failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

Dated at Hartford, Connecticut this 8th day of December, 2003.

Donna F. Martinez
United States Magistrate Judge