## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

ACCEL INTERNATIONAL
CORPORATION, et al.

v.

THOMAS J. RENWICK

Civil Action 3:03CV983
RNC

December 22, 2003

### OBJECTIONS TO MAGISTRATE'S RECOMMENDED RULING

In accord with 28 U.S.C. § 676(b) and Rule 72.2 of the Local Magistrates Rules, the defendant, Thomas J. Renwick, objects to the Recommended Ruling of Plaintiff's Motion to Remand, served on this defendant on December 16, 2003. [1]

This Court asked the magistrate for recommendations concerning the

---

[1] Even though the magistrate's order was signed on December 8, 2003, it was not served until December 16, when the recommendation was mailed. It was received by the defendant's counsel on December 17. A copy of the envelope showing the postmark of December 16 is attached.

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

defendants' motion to remand this action, which had been filed in state court and removed. The magistrate concluded, erroneously, that there was no federal jurisdiction and recommended that the motion to remand be granted, and that costs be imposed on the defendant. Because these conclusions are erroneous, the defendant objects and requests that the motion to remand be denied.

## I.    BECAUSE THIS CASE INVOLVES THE POWER TO REGULATE FEDERAL DEPOSITIONS IT PRESENTS A FEDERAL QUESTION AND IS REMOVABLE.

Stripped to its essentials, this case asks for an injunction to prevent the defendant from using certain documents in the course of a federal deposition. Because federal depositions are entirely controlled by federal procedure, no court (except a federal court) can issue the requested injunction. To obtain the requested relief the plaintiffs will have to show that they are entitled to such relief as a matter of federal procedural law. For this reason the complaint presents a federal claim. Because the plaintiffs' claim for an injunction is a federal claim the case is

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

removable under 28 U.S.C. § 1331. For this reason the motion to remand should be denied.

### A.    This Action Seeks to Enjoin Disclosure of the Defendant's Notes in the Course of Federal Deposition Proceedings.

The present case arises out of a federal deposition. In the course of a diversity action pending in the Southern District of Mississippi[2] one of the defendants, Southern Cross Underwriters, brought a third-party claim against Allegiance Insurance Managers, alleging that allegiance was responsible for diverting funds that should have been paid to Farris Evans Insurance Agency. In August and September 2002 the Southern Cross scheduled and took a large number of depositions of the former officers and employees of Allegiance in connection with their third-party claim. Among the deponents was the defendant, Mr. Renwick, who

---

[2] The federal action out of which Renwick's deposition arose is pending in the Southern District of Mississippi, Jackson Division. Styled as *Farris Evans Insurance Agency, Inc. v. Southern Cross Underwriters, Inc.*, it is docketed as Civil Action 3:01CV865(WS).

-3-

had formerly served as Senior Vice President – Claims, for Allegiance and its parent corporation Accel International. Because Renwick and the other deponents were residents of Connecticut, the depositions had to be taken in Connecticut, and the witnesses had to be compelled to testify with subpoenas issued by this Court.

The deposition of Renwick, one of the subpoenaed Allegiance employees, was scheduled for September 17, 2002. During the course of this deposition, Renwick was asked if he had any notes regarding his activities within Accel's management. Renwick acknowledged that he had indeed kept personal notes during his tenure as Accel's Senior Vice President – Claims. The notes were private notes. Renwick had never disclosed the notes publicly. In fact, there was no indication that the notes have ever been disclosed except in Renwick's deposition proceedings.

The Southern Cross attorney, who was deposing Renwick, insisted that he provide his personal notes as a part of the deposition proceedings, suggesting that if the notes were not provided voluntarily, they could be obtained by subpoena.

-4-

When produced, the notes were significantly more voluminous than anticipated.[3] Accordingly, the deposition was recessed to allow the parties to review "the notes" in more detail before resuming the deposition.

Based on the notes and perhaps other information, Southern Cross Insurance, the party that had deposed Renwick and others in the Connecticut depositions, obtained an order from the Mississippi federal court allowing it to bring in a number of Accel's officers and directors into the Mississippi litigation. The plaintiffs responded by suing Renwick asking for an injunction against further disclosure of his notes in the ongoing deposition proceedings.

Even though the plaintiffs' action seek to regulate the conduct of a federal deposition, the plaintiffs did not bring this case in federal court. Instead they chose to bring suit for this injunction in state court.

_____

[3] Renwick's notes, produced in first session of his federal deposition, consist of some 229 typewritten pages.

-5-

**This** court, and only **this** court, has the authority to control depositions taken pursuant to a subpoena issued by **this** court. Accordingly, the plaintiff's prayer for an injunction regarding the conduct of the deposition necessarily presented a claim based on federal law. Thus the case falls within the federal-question jurisdiction of 28 U.S.C. § 1331 and can be removed.

**B.    In the Area of Federal Depositions, Federal Law Completely Preempts State Law.**

While federal law is generally concurrent with state law, there are a number of areas in which federal legislation "wholly displaces" state law cause of action. See e.g., *Beneficial Nat'l Bank v. Anderson,* 123 S.Ct. 2058, 2063 (2003).

Federal depositions are governed by federal law, namely, they are governed by the Federal Rules of Civil Procedure. These rules completely preempt any state regulation.    As the Supreme Court held in *Hanna v. Plumer*, 380 U.S. 460, 471 (1965), when the Federal Rules cover a situation, they completely displace state law.

-6-

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

In other words, the Federal Rules, and only the Federal Rules, regulate federal procedure. State law is completely preempted.

> When a situation is covered by the Federal Rules, ... the court has been instructed to apply the Federal Rule, and can refuse to do so only if ... the Rule ... transgresses ... the Enabling Act or constitutional restrictions.

*Hanna v. Plumer,* 380 U.S. 460, 471 (1965).

Under Federal Rule 45, the entire authority to regulate or control a deposition being taken pursuant to a federal subpoena is in the court, the federal court, issuing that subpoena. See *In re Sealed Case*, 141 F.3d 337, 341 (D.D.C. 1998) ("[The] language [of Federal Rule 45] suggests that only the issuing court has the power to act on its subpoenas.").

Because the state courts cannot control federal procedure, federal law "completely preempts" state law. Cf. *Beneficial Nat'l Bank v. Anderson,* 123 S. Ct 2058 (2003); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987); *Avco Corp.*

-7-

*v. Aero Lodge No. 735, International Ass'n of Machinists,*  390 U.S. 557 (1968).

In this case, the plaintiffs seek to restrict the defendant's conduct as a witness in the course of a federal deposition. Because the Federal Rules of Civil Procedure totally and completely control the conduct of federal depositions, the plaintiffs claim is a federal claim.

This court's decision in *Cahoon v. IBEW Local 261,* 175 F. Supp. 2d 220 (D. Conn 2001) (Chatigny, J.) is instructive. In that case, the plaintiffs' descedant had been killed in an altercation with one Richard Dorans, his union steward. Because the dispute arose out of a dispute over union seniority, the plaintiffs sued three labor organizations for wrongful death, alleging that, under Connecticut law, the organizations were negligent in selecting and retaining Dorans as a union steward, and that they are also vicariously liable for Dorans' conduct. Even though the complaint's allegations consisted entirely of state-law claims, the defendants removed the case to federal court, basing subject matter jurisdiction on their

-8-

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

contention that, because the claims were intertwined with the union defendants' representation of the deceased, they could be connected to the union defendants' duty of fair representation. Arguing that federal law completely preempts the plaintiff's state law claims, the defendants removed. Because there was "at least colorable jurisdiction in the federal court," this Court denied the motion to remand.

Following the approach used by this Court in *Cahoon*, we see that this case arises out of a federal deposition, that the conduct of federal depositions is an area of the law completely governed by federal law, and therefore the plaintiffs' suit asking for injunctive relief was intended to limit the defendant's use of his notes in the course of his federal deposition, notwithstanding dissembling arguments to the contrary.

## C.    The Complaint Seeks to Regulate Federal Discovery.

As we have seen, even though this case was originally filed in state court, this is an action to control federal discovery proceedings. As such, it is subject to federal

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

jurisdiction.

The complaint is quite clear. The face of the complaint shows its purpose. It prays for injunctive relief personally binding on Renwick. More specifically, it asks that he be prohibited from any "distribution or use of defendant Renwick's diary and any materials containing diary information and any transcripts, summons or any other derivative use thereof." See the prayer of the Complaint.

Such a prayer for relief is clearly broad enough to include a prohibition the defendant's use of his notes in the continuing federal deposition proceedings. Moreover, the facts show that the plaintiffs' prayer was intended to cover Defendant Renwick's deposition.

First, since Renwick's notes were private notes and the only the only disclosure that had made to that date or even anticipated had been the disclosures in the course of federal discovery proceedings, the only conceivable meaning of the

-10-

language of the complaint would focus on the ongoing federal discovery proceedings.[4]

Moreover, the complaint's application to the federal deposition is not left to implication. Count One of makes the reference to Renwick's deposition explicit. In that count, the plaintiffs seeks money damages from Renwick for his compliance with the federal subpoena.

Notwithstanding these clear implications from the plaintiffs' complaint, the plaintiffs pretend to argue that the injunctive relief they sought did not, and could not, have any effect on a federal deposition. Such a dissembling argument is unavailing.

---

[4] Renwick's deposition may still be continuing. After a year of wrangling over the reconvened deposition, a second session of that deposition was held on September 4, 2003. At the conclusion of the deposition counsel for Southern Cross insisted that the deposition still had not been concluded. Counsel for the other Mississippi parties insist that the deposition had been concluded.

-11-

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

Any doubt about the intent of the complaint's prayer for relief was totally eliminated by a motion in the Mississippi court.  After the removal of the present case to this court and after the plaintiffs' motion to remand had been filed, the individual defendants in that case, who are officers and directors of Accel, moved to limit the scope of Renwick's deposition. As an out-of-district, nonparty witness Renwick is not subject to the Mississippi federal court's jurisdiction, the "Motion to Limit Scope of Deposition" — filed by Accel's controlling officers and directors — clearly and explicitly sought to control Renwick's conduct during the course of his federal deposition. Specifically, the Motion to Limit Scope of Deposition asks for an order personally directed to Renwick, prohibiting him from using the materials in the reconvened deposition, then scheduled to be resumed on September 4, 2003.

The plaintiff's Motion is a very specific effort to implement this purpose. The Motion asks for an order enjoining Renwick from "utilizing, citing, publishing or referring to the 'Renwick Diary' during the subject deposition." See Motion ¶ 4.

-12-

See also the prayer of Motion (repeating the request in the plaintiffs' motion for an order prohibiting Renwick from "utilizing, citing or referring to the 'Renwick Diary' in any way during the deposition of Thomas Renwick.").

Since the relief requested in the Motion shows a clear intent to regulate Renwick's conduct in the course of his deposition testimony, it also shows that the plaintiffs' prayer in the complaint was also intended to regulate and control his conduct during the deposition.

Based on the foregoing the magistrate should have concluded that the complaint affected federal discovery proceedings, that such are completely controlled by federal law, not state law. Since the complaint requests injunctive relief that would affect federal discovery proceedings, an area completely governed by federal law, this Court has subject-matter jurisdiction and the motion to remand should be denied.

-13-

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE  •  SIMSBURY, CT 06070  •  TEL. (860) 658-4100  •  FAX (860) 658-9200  •  JURIS NO. 307697

## II.    THE COURT SHOULD NOT IMPOSE COSTS UNDER SECTION 1447(c).

Even though the failure to allow removal will, in effect, put control and regulation of federal deposition proceedings in the hands of a state-court judge, the magistrate recommended a remand. She went even further and also recommended the imposition of courts pursuant to 28 U.S.C. § 1447(c). In doing so, she twice erred.

The imposition of costs under the Removal Act is never required. Although federal statute allows the imposition of the circuit courts, it does not require the court to do so.

> "As the language itself indicates, the statute leaves the decision to award such costs to the Court's discretion, and courts frequently decline to do so."

*United Mutual Houses, L.P v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2003).

See also *Dacey v. Morgan Stanley Dean Witter & Co.*, 263 F. Supp. 2d 706, 712 (S.D.N.Y. 2003) ("The Court has broad discretion in determining whether to award costs and attorney's fees under section 1447(c).").

-14-

While the Court has discretion to impose costs, the discretion is not unlimited without some basis for imposing costs, the courts will not impose costs under section 1447(c). See, e.g., *Nemazee v. Premier, Inc.*, 232 F. Supp. 172, 181-182 (S.D.N.Y. 2002) ("After reviewing the motion papers in the Court can find no basis for imposing fees and costs and therefore determines that fee shifting would be inappropriate."). More specifically, if there is "no evidence that the removal was in bad faith or that the removal was frivolous or plainly unreasonable," the court will find that an award of attorneys fees is "not warranted." *Agapov v. Negodaeva,* 93 F. Supp. 2d 481, 484 (S.D.N.Y. 2000). In this case there was no evidence of bad faith, and there is no evidence that the removal was frivolous or unreasonable. Accordingly, the motion for costs should be denied.

This is particularly true because the removal raises significant legal issues. For example, recognizing that sometimes murky contours of the law of removal the courts have refused to award costs when the removal is "not without foundation" *Lyall v. Airtran Airlines, Inc.*, 179 F. Supp. 2d 365 (E.D. Pa. 2000).

-15-

Similarly, the courts have repeatedly refused to award costs when the removal presents an "issue of first impression." *Haggerty v. Wyeth Ayer Pharmaceuticals*, 79 F. Supp. 2d 182, 190 (E.D.N.Y. 2000); *Parker v. Johnny Tart Enterprises, Inc.*, 104 F. Supp. 2d 581, 585 (M.D.N.C 1999); *Boisel v. Aid Ass'n for Lutherans*, 843 F. Supp. 616, 619 (C.D. Cal. 1994). In cases involving removals based on federal preemption the courts refuse to award costs in cases in which the removal presents straightforward effort to deal with complex preemption issues in the law of removal. *Box Tree South Ltd. v. Bitterman*, 873 F. Supp. 833 (S.D.N.Y. 1995). [5] Because the removal in this case presents straightforwardly presents significant legal issues, costs should be denied.

------

[5] Where, as here, the case presents a significant issue of federal-state relations, in which the parties opposing removal are asking the state judiciary to become involved in federal procedural issues, there is "understandable impulse" to allow a federal procedural removal, issue to be decided by the federal courts. Under such circumstances any remand ordered by this court should be "without penalty." *Atlantis Health Plan Inc. v. Local 713, I.B.O.T.U.*, 258 F. Supp. 2d 284, 296 (S.D.N.Y. 2003).

-16-

The plaintiffs prayer for costs should be denied.  First because the removal was presented in good faith and was with without frivolous or not unreasonable.  It presents significant legal questions of first imprison.  For that reason, this court should not award costs under 28 U.S.C. § 1447(c).

## CONCLUSION

As we have seen, this case, though filed in the state court, involves a matter of exclusive federal concern, federal deposition procedure.  Since federal procedure is an area completely preempted by federal law, the case is removable.  Moreover there is not basis for imposing costs in this case, the court not only should deny the motion to remand, but also deny costs under 28 U.S.C. § 1447(c).

DEFENDANT
THOMAS J. RENWICK

By_____
       Oliver B. Dickins, ct15648
His attorney

-17-

## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing document, Objection to Magistrate's Proposed Ruling, has been mailed to:

> Richard P. Weinstein, Esq.
> Weinstein & Wisser, P.C.
> 29 South Main Street, Suite 207
> West Hartford, Connecticut 06107

Dated: December 22, 2003

_____
Oliver B. Dickins

-18-

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
450 MAIN STREET
HARTFORD, CT 06103

OFFICIAL BUSINESS

Oliver B. Dickins
One Phelps Lane
Simsbury, CT 06070

U.S. POSTAGE   PB 2236457
$00.60⁰
FROM ZIP CODE
DEC 16 03
06103
1890
8058
4683