UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 29 P 2:??

U.S. DISTRICT COURT

| | |
|---|---|
| ACCEL INTERNATIONAL CORP. and ALLEGIANCE INSURANCE MANAGERS, LTD., | CIVIL ACTION NO. 3:03CV 983 (RNC) |
| Plaintiffs, | |
| V. | |
| THOMAS RENWICK, | DECEMBER 24, 2003 |
| Defendant. | |

### PLAINTIFFS' REPLY TO DEFENDANT'S OBJECTIONS TO MAGISTRATE'S RECOMMENDED RULING

Notwithstanding the clear and well-reasoned Recommended Ruling on Plaintiffs' Motion to Remand that has been issued by Magistrate Judge Martinez, the defendant persists in mischaracterizing the nature of this action and the scope relief sought by the plaintiffs in an attempt to essentially "manufacture" federal jurisdiction in order to justify his improper removal of this case from state court. The defendants' Objections to the Magistrate's Recommended Ruling should be rejected, so that this case, which has been in limbo since it was commenced 8 months ago, can finally move toward judgment in the state court.

In urging the Court to adopt the Recommended Ruling, the plaintiffs rely on their Motion to Remand and their Memorandum of Law and Reply Brief in support of that motion.

1

Simply put, in objecting to the Recommended Ruling, the defendant continues to present arguments to the Court that misstate the nature of this case. The defendant's persistence in pursuing arguments that lack support in the record has improperly delayed the resolution of this case in state court, has wasted federal judicial resources, and has caused a needless expenditure of time and money by the plaintiffs.

The defendant makes much of discovery proceedings in a Mississippi federal court action to which neither he nor plaintiff Accel International Corporation is a party. Yet, as the plaintiffs have already made clear in their previous briefs regarding the Motion to Remand and in their oral argument before the Magistrate Judge, this action has nothing to do with limiting, affecting or otherwise interfering with federal court oversight of discovery in that case. This is an action for money damages and other relief based on causes of action arising from the defendant's conduct that is independent of those proceedings, and to the extent that this action seeks injunctive relief, that relief is not intended to affect the proceedings in the Mississippi action.

The plaintiffs recognize that the District Court in Mississippi is the proper forum for the resolution of discovery issues in that case. By contrast, the state court is the proper forum for this civil action for damages and other relief arising from the conduct of the defendant, occurring outside of those legal proceedings, that has caused legal injury to the plaintiffs' rights under Connecticut common law and statutes. The causes of action in the instant case do not arise from, much less impair, the deposition that the

2

defendant discusses ad nauseam in his Objections. In fact, because it is clear to the plaintiffs that no state court order in this action could lawfully impair the Mississippi federal court's ability to properly regulate discovery in the proceedings that are pending in Mississippi, no such order is sought in this case. Accordingly, although the defendant continues to stubbornly ignore it, the simple fact remains that the entire premise for the defendant's removal of this action has no basis in fact.

As the plaintiffs have made clear, repeatedly, in their attempt to have this case remanded to the state court, the plaintiffs do not intend for this action to interfere with the Mississippi action. The plaintiffs' position, then, is entirely consistent and transparent – while matters affecting the defendant's deposition in the Mississippi action are to be determined by the federal court in the context of that action, the world of the defendant's conduct outside of his deposition testimony is indeed a separate matter that is governed by state law and properly the subject of litigation in our state court. The defendant's claim that the plaintiffs' purpose is otherwise lacks any support in the pleadings or in the several briefs filed by the plaintiffs regarding the remand issue.

Therefore, as stated in the Recommended Ruling, a remand to state court is required because federal jurisdiction based on diversity of citizenship is lacking and because there is no basis for federal question jurisdiction where no intent, and no ability, to affect discovery in the federal action has been demonstrated.

Moreover, as the defendant is well aware, proceedings continue *in the District Court in Mississippi* including the discovery matters referenced in his removal papers (and in his Objection) which have been decided in that venue. That discovery which is proceeding as expected in Mississippi merely confirms the plaintiffs' claim that this action has nothing to do with those discovery proceedings. Again, this action is completely independent of whatever discovery issues are before the federal court in Mississippi. Consequently, as recognized by the Magistrate Judge in her Recommended Ruling, this state common law/statutory action should be permitted to proceed in state court.

The defendant's continuing misstatements as to the plaintiffs' purported intent in bringing this action, and as to the relief sought in this case, are not a proper basis for this federal court to exercise its removal jurisdiction. Since the plaintiffs in this action do not seek to enjoin the defendant from testifying, by deposition or otherwise, in the Mississippi action, the pendency of that action cannot provide a proper basis for this Court to exercise its removal jurisdiction over this case. Removal of a State court action to federal court is permitted only in civil actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As set forth in the Recommended Ruling, this case utterly fails to satisfy that requirement.

Additionally, the Magistrate Judge properly recommended that, pursuant to 28 U.S.C. § 1447(c), the Court should require the defendant to pay the plaintiffs' costs and

4

attorney's fees incurred as a result of the defendant's improper removal of the case to this Court. As is readily apparent from the argument above (and the similar arguments that appear in the plaintiffs' other briefs in support of remand), the Magistrate Judge correctly concluded in her Recommended Ruling that the defendant's removal of this case to federal court lacked any reasonable basis in fact or law. Because the defendant's claim for removal relies on a "tortured interpretation" of supplemental jurisdiction under 28 U.S.C. § 1367; *Brown v. Prudential Ins. Co. of America*, 954 F. Supp. 1582, 1584 (S.D. Ga. 1997); and because the Notice of Removal relies on assertions regarding the scope of this case that are not supported by the pleadings, the remand order should require the payment of such costs and expenses incurred as a result of having to file this motion for remand. *Id.* at 1585. Under such circumstances, this Court should adopt the Magistrate Judge's recommendation regarding an award of costs and fees.

Accordingly, for all of the foregoing reasons, and for the reasons set forth in the plaintiffs' previous briefs in support of the Motion to Remand, the Recommended Ruling of the Magistrate Judge should be adopted by the Court, and the defendant's Objections thereto should be overruled. As set forth in the Recommended Ruling, the plaintiffs' Motion to Remand should be granted, and this case should be remanded to the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford. In addition, the order remanding the case should require the defendant to pay the

plaintiffs' costs and attorney's fees incurred as a result of the defendant's improper removal of the case to this Court.

By Motion dated December 18, 2003, the plaintiffs have requested that this Court determine the amount of fees and costs to be awarded pursuant to 28 U.S.C. § 1447(c), and have submitted an affidavit demonstrating their entitlement to $4,182.90 in fees and costs, and have asked the Court to enter an order granting the same.[1]

PLAINTIFFS,

By _____
Richard P. Weinstein, Esquire of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107
Telephone No. (860) 561-2628
Facsimile No. (860) 521-6150
Federal Bar No. ct06215

---

[1] The plaintiffs note that the $4,182.90 in fees and costs requested in the December 18, 2003 motion, obviously, does not include the time involved in reviewing the defendant's Objections to the Recommended Ruling and in preparing this response thereto. Since an additional 1.25 hours of associate time was expended in that effort, the amount of fees and costs to be awarded should be increased by $281.25, to a total of $4,464.15.

## CERTIFICATION

This is to certify that on the 24th day of December, 2003, a copy of the foregoing was served upon:

Oliver B. Dickins, Esquire
One Phelps Lane
Simsbury, CT  06070

_____
Richard P. Weinstein

Chase/Renwick/Reply 2 Obj 2 Mag Rec Ruling