*Supp mem sup*

FILED

2004 JAN 16 P 2: 10

U.S. DISTRICT COURT
HARTFORD, CT.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ACCEL INTERNATIONAL CORPORATION, et al.** | Civil Action 3:03CV983 (RNC) |
| **v.** | January 14, 2004 |
| **THOMAS J. RENWICK** | |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO MAGISTRATE'S RECOMMENDATION

In this case defendant Renwick contends that, though plaintiffs' claims are

grounded in state law, they involve federal question jurisdiction because they seek

to control federal discovery proceedings.[1]

In further support of removal jurisdiction in this case, the defendant cites

---

[1] More specifically, plaintiffs' suit seeks an injunction against defendant Renwick's use of his "notes" while being deposed in a federal deposition.

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

*Hodges v. Demchuk*, 866 F. Supp 730 (S.D.N.Y. 1994), which adopts defendant Renwick's argument that, even though the plaintiffs have artfully plead their action to rely solely on state law, their action seeks to control the conduct of federal discovery proceedings.  As such, it is completely preempted by federal law, and is therefore subject to removal.

In *Hodges*, the plaintiff brought an action in state court, alleging that in the course of conducting federal discovery in two federal civil rights suits, the defendant New York officials had used their official positions to obtain plaintiff's confidential medical and psychiatric records.  According to the plaintiff's state-court complaint, the defendants acts violated the plaintiff's state-law right of privacy.

Defendants removed *Hodges* to federal court. The Southern District of New York denied  plaintiff's remand motion.

> Here, the federal element of plaintiff's state claims is certainly substituted since the alleged unlawful disclosure

-2-

> ... occurred in the course of conducting discovery in the Federal Actions.

866 F. Supp., at 733.

Because the state court complaint sought to impact on federal discovery, Judge Sotomeyer, concluded that

> Federal practice and procedure ... is at the heart of plaintiff's state law claims, as federal rules concerning discovery necessarily will determine the propriety of the disclosures ... by the various defendants.

866 F. Supp., at 733. Because the state court claim could impact federal discovery, Judge Sotomeyer concluded that the federal court had jurisdiction and denied the motion to remand.

*Hodges* is similar to the present case, where plaintiffs brought an action to enjoin defendant's use of "notes" during his federal deposition. Though plaintiffs artfully pleaded their complaint so that the only claims set forth in the state-law

-3-

complaint were grounded in state law, not federal law, the relief plaintiffs' sought was an injunction controlling the conduct of federal discovery proceedings. Under *Hodges* plaintiffs' claim for such relief was completely preempted by federal law. Accordingly, the remand motion should be denied.

DEFENDANT
THOMAS J. RENWICK

By _____

Oliver B. Dickins, ct15648
His attorney

-4-

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

# CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing document, **Supplemental Memorandum In Support Of Objection To Magistrate's Recommendation**, has been mailed to:

Richard P. Weinstein, Esq.
Weinstein & Wisser, P.C.
29 South Main Street, Suite 207
West Hartford, Connecticut 06107

Dated: January 14, 2004

Oliver B. Dickins

-5-

LAW OFFICES OF

OLIVER B. DICKINS

ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697