FILED
2004 JAN 20 P 1: 04
U.S. DISTRICT COURT
HARTFORD, CT.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACCEL INTERNATIONAL CORPORATION, et al.<br><br>v.<br><br>THOMAS J. RENWICK | Civil Action 3:03CV983 (RNC)<br><br>January 16, 2004 |

### MEMORANDUM OBJECTING TO
### PLAINTIFFS' MOTION TO DETERMINE FEES AND COSTS

On the basis of the magistrate's recommendation, counsel for the plaintiffs, Accel International Corporation and Allegiance Insurance Managers, has applied to the court for an order allowing attorney's fees and costs, submitting an affidavit in support of the application.

The facts of the case do not justify an award of fees and costs. Moreover the evidence submitted in support of the application failed to meet the fee applicant's

burden of proof. Thus, even though the magistrate's recommendation has now been superceded, the defendant objects, submitting this memorandum as a statement of his position on the issues raised by the application for fees and costs.

More specifically, to award the attorney's fees and costs requested by plaintiffs' counsel would be erroneous for at least four reasons. The first two reasons show that the fee award should be disallowed in its entirety. The next two show that there was no evidence to support an award of either the attorney's requested fees, and that computerized legal research is not an allowable cost item.

> (1) The facts of this case did not justify an award of attorneys' fees: there was no bad faith, the removal was at least colorable, and there was no showing that the removal was "frivolous or plainly unreasonable" and no other basis was given for imposing fees and costs on the defendant.
>
> (2) 28 U.S.C. § 1447(c) does not allow a plaintiff to recover an attorney's fee without a showing that the requested fee award would reimburse the plaintiff for an "actual expense" incurred by the plaintiffs.

-2-

> (3) The fee application included no evidence to show the prevailing rate, or to show that the hours were ever billed to or paid by the plaintiffs.
>
> (4) The Second Circuit refuses to allow computerized research as an allowable cost item.

Let us explain each of these points in more detail.

## I. THERE WAS NO BASIS FOR AN AWARD OF COSTS OR ATTORNEY'S FEES.

While a federal trial court has broad discretion in determining whether to award costs and attorney's fees under 28 U.S.C. § 1447(c), its discretion is not unlimited: There must be some basis for the award. The mere fact that a case is remanded, standing alone, does not justify an award of costs. *Teitelbaum v. Soloski*, 843 F. Supp. 614, 616 (C.D. Calif. 1994) ("The court requires some showing beyond the bare fact of remand to justify an award of attorney's fees."). See also *Nemazee v. Premier, Inc.*, 232 F. Supp. 2d 172, 181-182 (S.D.N.Y. 2002) (refusing to impose

-3-

attorney's fees and costs because the motion papers revealed "no basis" for imposing such fees and costs); *Eastern States Health & Welfare Fund v. Philip Morris, Inc.*, 11 F. Supp. 2d 384, 407 (S.D.N.Y. 1998) ("Costs should not be awarded automatically.").

In exercising discretion under 28 U.S.C. § 1447(c), the district courts "frequently decline" to award fees and costs. See, e.g., *United Mutual Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002), stating that

> As the language itself indicates, the statute [i.e., 28 U.S.C. § 1447(c)] leaves the decision to award such costs to the Court's discretion, and courts frequently decline to do so.

230 F. Supp. 2d, at 354.

The courts are particularly reluctant to impose costs and fees if there is no showing of bad faith. For example, in *Agapov v. Negodaeva*, 93 F. Supp. 481, 484 (S.D.N.Y. 2000), the district court rejected a claim for fees and costs, holding that

> There is no evidence that Negodaeva acted in bad faith in seeking removal, or that her removal application was frivolous or plainly unreasonable. Therefore, an award of

-4-

attorney's fees is not warranted.

Similarly, the courts usually reject a claim for costs and fees if the claim of federal jurisdiction was "colorable." *Haggerty v. Wyeth Ayerst Pharmaceuticals*, 79 F. Supp. 2d 182, 190 (E.D.N.Y. 2000).

> Thus, the basis removal was at least colorable not improper, and therefore, an award of costs and fees is inappropriate.

79 F. Supp. 2d, at 190.

Similarly, without some showing that the removal was frivolous or plainly unreasonable, an award of costs under 1447(c) is not warranted. For example, in *Frontier Ins. Co. v. MTN Owner Trust*, 111 F. Supp. 2d 376, 381 (S.D.N.Y. 2000), the court rejected a claim for removal costs and fees, stating

> Norwest's removal was neither frivolous nor plainly unreasonable. ... Therefore, plaintiffs' motion for attorney fees and costs is denied.

111 F. Supp. 2d, at 381

In short, the motion papers do not establish any basis for an award of

-5-

attorney's fees or costs under section 1447(c). Neither the motion papers, nor the magistrate's recommendation show bad faith, frivolity or any other basis for awarding attorney's fees, the request should be denied.

## II. PLAINTIFFS' COUNSEL DID NOT ESTABLISH THAT THE REQUESTED FEES WERE "ACTUAL" EXPENSES, PAID BY THE PLAINTIFFS.

Accel is insolvent. So is Allegiance. It is highly unlikely that parties with such limited resources actually agreed to pay its attorney in Hartford, Connecticut at the rate of $375 an hour and to pay his associate at the rate of $225 an hour. If the plaintiffs did not actually spend the amounts sought, 28 U.S.C. § 1447(c) does not authorize recovery.

The statute is only a limited fee-shifting act. It only authorizes the court to award "actual expenses." While the term can include attorneys fees, if those fees are

-6-

to be awarded, the fee application must show that the fees were "actual expenses" and that they were "incurred as a result of the removal."

The language of 28 U.S.C. § 1447(c) is quite clear: The only attorney fees that can be awarded under that statute are "actual expenses," i.e., expenses actually paid or incurred by the moving parties.

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c). In other words, "attorney fees" can be recovered, but only if they are "actual expenses."

In *Novastar Mortgage, Inc. v. Bennett*, 173 F. Supp. 2d 1358 (N.D. Ga. 2001), the court discussed the purpose of this provision of section 1447(c), stating that:

> [T]he imposition of costs is not intended to punish the defendants or enrich the plaintiff. Rather the purpose is to compensate the plaintiff for the actual and reasonable expenses incurred. ...

-7-

173 F. Supp. 2d, at 1362. The court went on to award the plaintiff an attorney fee. This amount awarded was allowed only because the court found that the plaintiff "would actually bear the expense." 173 F. Supp. 2d 1362.

The question of whether the fees requested in this application were actual expenses is brought into question by the fact that both plaintiffs have no funds.[1] It is highly unlikely that Accel or Allegiance could have reasonably agreed to spend $375 an hour for an attorney at a time that they were both in dire financial straights.

The burden of proof on an application for fees and costs is on the applicant. Cf. *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983) ("the fee applicant bears the

---

Both Accel and Accel were insolvent. According to a letter submitted by Raymond H. Deck, the chairman of the Allegiance board of directors, to the Connecticut Department of Labor, in connection with Allegiance's objections to Renwick's claim for wages, Allegiance "has no cash, no other assets, and over a million dollars of debt."
Accel is also insolvent. Accel was a publicly traded company that asked the SEC to delist it because it could not afford to pay the cost of SEC filings.

-8-

burden of establishing entitlement to an award."). Because the fee applicant adduced no evidence that the requested fees were "actual expenses," i.e., money actually spent by the plaintiffs, the fee petition for these amounts should not be granted.

### III. THE FEE REQUEST DID NOT INCLUDE EVIDENCE SUFFICIENT TO SHOW THAT THE REQUESTED ATTORNEY'S FEES WERE ALLOWABLE.

Even if attorney's fees had been authorized, there is no evidence in the record to support the requested award. To support an attorney's fee award, the fee application must not only provide evidence on the number of hours expended; it must also establish the "prevailing rate" for those hours. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). See also *Mehney-Egan v. Mendoza*, 138 F. Supp. 2d 884, 885 (E.D. Mich. 2001). To meet this burden the fee application must "submit evidence supporting the ... rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

-9-

## A. The Fee Application Did Not Include Evidence of the "Prevailing Rate."

The fee application did not include any evidence to establish the "prevailing rate," in the relevant community. In an application for attorney's fees or costs, the burden of proof is on the fee applicant. *Mehney-Egan v. Mendoza*, 130 F. Supp. 2d 884 (E.D. Mich. 2001)

> The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable.

130 F. Supp. 2d, at 885.

For the attorney's fee to be reasonable the underlying hourly rate must be "reasonable." The fee application requests $375 an hour for the plaintiffs' principal attorney and $225 an hour for his associate. Such a request is extremely high by Hartford standards. Cf. Thomas C. Scheffey, *Pilots Battle Updike Before Supremes*, CONN. L. TRIBUNE, Jan. 12, 2004, at 1, 4, discussing litigation by Updike, Kelly Spellacy, a major Hartford litigation firm. According to the article, the Updike

-10-

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

attorneys were litigating in the Connecticut Supreme Court over fees for their services calculated at the rate of $175 an hour. Compare also *Parrish v. Sollecito*, 280 F. Supp. 2d 145, 170 (S.D.N.Y. 2003), where the Southern District of New York, in dealing with a fee request from the Manhattan legal market, stated that "$375.00 is a high fee even for an experienced lawyer in a small firm."

The fee applicant submitted no retainer agreement, no Laffey matrix and no other evidence to establish the prevailing rate. Instead the applicant merely stated that he wanted to be paid $375 an hour, and that this was "less than my normal billing rate," Affidavit of Plaintiffs' Counsel ¶ 5, giving no indication of what the prevailing legal rate was. He also requested $225 an hour for his associate, merely asserting that this too was "less than his normal billing rate," Affidavit of Plaintiffs' Counsel ¶ 4, but again submitting no evidence of the prevailing rate.

These requests contrast sharply with the statement in *Parrish v. Sollecito*, 280 F. Supp. 2d 145 (S.D.N.Y. 2003) that, even for an experienced lawyer, the hourly rate requested in the present application is a high fee, even in Manhattan. Because

-11-

OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

there was no retainer agreement,[2] no Laffey matrix [3] and no other evidence of the prevailing rates was submitted, the claim for attorney's fees must fail.

**B.    The Fee Request Did Not Include Time Sheets or Other Evidence that the Statute Permits Allowing Attorney's Fees for the Hours Spent.**

The second factor in calculating reasonable attorneys fee is the number of allowable hours charged. The burden of proof on this issue is on the fee applicant. "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Mehrey-Egan v. Mendoza*, 138 F. Supp. 2d 884, 885 (E.D. Mich. 2001).

Under 28 U.S.C. § 1447(c), the fee application is allowed to claim only "actual

---

[2] The Second Circuit allows a fee applicant to introduce his retainer agreement as nonconclusive evidence of the prevailing rate.

[3] For an example of the use the "Laffrey matrix," as evidence of "prevailing rates" see *Adcock-Ladd v. Secretary of Treasury*, 227 F. 3d 343, 347, n.3 (6th Cir. 2000).

-12-

expenses." Accordingly, the application must show that the fees sought were "actual expenses," i.e., fees actually paid by the plaintiff. There is nothing in the plaintiffs' fee request to show that the plaintiffs actually paid the fees in question. In fact there is no evidence that the hours charged were even billed to the plaintiffs. Without bills or time sheets as documentation of the hours claimed, the fee application should be denied.

### IV. COMPUTERIZED RESEARCH IS PART OF THE ATTORNEY'S FEE. THE FEE APPLICANTS CANNOT RECOVER FOR WESTLAW RESEARCH AS A SEPARATE COST ITEM.

The plaintiffs' attorneys also ask to be paid for computer research time. But cf. *United States ex rel. Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Co.*, 95 F.3d 153, 173 (2d Cir. 1996) ("Computerized research ... is not a separately taxable cost."). Accordingly, the request for computerized research should be denied.

## **CONCLUSION**

The fee application did not establish the plaintiffs' counsel's entitlement to an attorney's fee and costs within the parameters of 28 U.S.C. § 1447(c) because:

1. Because there was no showing of bad faith, because the defendant's claim of federal claim was at least colorable, because the claim of removability was not frivolous, and because there was no other reason to impose costs and attorney's fees, imposition of such expenses would not be appropriate under the facts of this case.

2. The fee application did not show that the requested fees were "actual expenses," as required by the statute.

3. The fee application is not supported any evidence to establish the prevailing rate, or to show that the hours were ever billed to or paid by the plaintiffs.

4. The fee application must be adjusted to eliminate the cost of computerized research.

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697

For these reasons the defendant will object to any assessment of fees and costs sought by the plaintiffs' application.

                              DEFENDANT
                              THOMAS J. RENWICK

                              By _____
                                   Oliver B. Dickins, ct15648
                              His attorney

-15-

## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing document, **Memorandum Objecting to Plaintiffs' Motion to Determine Fees and Costs**, has been mailed to the following:

>Richard P. Weinstein, Esq.
>Weinstein & Wisser, P.C.
>29 South Main Street, Suite 207
>West Hartford, Connecticut 06107

Dated: January 16, 2004.

_____
Oliver B. Dickins

LAW OFFICES OF
OLIVER B. DICKINS
ONE PHELPS LANE • SIMSBURY, CT 06070 • TEL. (860) 658-4100 • FAX (860) 658-9200 • JURIS NO. 307697