UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 27 P 1: 44

U.S. DISTRICT COURT
HARTFORD, CT.

ACCEL INTERNATIONAL CORP.  :  CIVIL ACTION NO.
and ALLEGIANCE INSURANCE   :  3:03CV 983 (RNC)
MANAGERS, LTD.,

      Plaintiffs,

V.

THOMAS RENWICK,           :  JANUARY 26, 2004

      Defendant.

**PLAINTIFFS' REPLY TO DEFENDANT'S MEMORANDUM OBJECTING TO PLAINTIFFS' MOTION TO DETERMINE AMOUNT OF FEES AND COSTS**

By Memorandum dated January 16, 2004 (which was received by the undersigned on January 21, 2004), the defendant has objected to the plaintiffs' Motion to Determine Amount of Fees and Costs dated December 18, 2003. The plaintiffs hereby respond to the defendant's objection as follows:

    1.    The defendant's argument on pages 3-6 of his Memorandum is improper because it goes to the question of whether fees should be awarded at all. In her December 8, 2003 recommended ruling, Magistrate Judge Donna Martinez has recommended that, pursuant to 28 U.S.C. § 1447(c), the defendant be required to pay the just costs and actual expenses, including attorney's fees, incurred by the plaintiffs as a result of the removal of the case from state court. The defendant has already filed

1

his objection to the Magistrate Judge's recommended ruling, which objection includes a challenge to the recommendation that the defendant be required to pay costs. The defendant is therefore not entitled to take another "bite at the apple" by again presenting argument in regard to the merits of an award of fees and costs. The plaintiff's Motion to Determine Amount of Fees and Costs is limited to the issue of the _amount_ of fees that should be awarded, and the defendant's objection must be so limited in its scope.

2.   On pages 6-13 of his Memorandum, the defendant has raised baseless objections to the amount of the costs and attorneys' fees that have been incurred by the plaintiffs as a result of the defendant's improper removal of this case from state court. A Supplemental Affidavit of Counsel, attached hereto, is intended to address each of the defendant's objections. That Supplement Affidavit demonstrates: (1) that the amount of attorney's fees and Westlaw expenses set forth in the prior affidavit were actually billed to and paid by the client; (2) that counsel believes that the attorney's fees charged in this case are at the prevailing rate in the Hartford area for attorneys of the years of experience involved; (3) that Westlaw costs incurred in regard to a matter are billed to and paid by the client separate from any charges for attorney time on the matter; and (4) that, based on the additional attorney time incurred in late December of 2003 to respond to the defendant's objection to the Magistrate's recommended ruling, a total award of $4464.15 is now fully justified in this case.

Accordingly, based on the foregoing, the Court should determine the amount of costs and expenses to which the plaintiffs are entitled and enter an order directing the defendant to pay the same.

PLAINTIFFS,

By_____
Richard P. Weinstein, Esquire of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107
Telephone No. (860) 561-2628
Facsimile No. (860) 521-6150
Federal Bar No. ct06215

**CERTIFICATION**

This is to certify that on the 26th day of January, 2004, a copy of the foregoing Motion (and Supplemental Affidavit attached hereto) was served upon:

Oliver B. Dickins, Esquire
One Phelps Lane
Simsbury, CT 06070

_____
Richard P. Weinstein

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACCEL INTERNATIONAL CORP. and ALLEGIANCE INSURANCE MANAGERS, LTD., | CIVIL ACTION NO. 3:03CV 983 (RNC) |
| Plaintiffs, | |
| V. | |
| THOMAS RENWICK, | JANUARY 26, 2004 |
| Defendant. | |

### AFFIDAVIT OF PLAINTIFFS' COUNSEL

RICHARD P. WEINSTEIN, having been duly sworn, hereby deposes and says:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. I am counsel for the plaintiffs, ACCEL International Corporation and Allegiance Insurance Managers, Ltd.

3. This Affidavit is intended to supplement my previous Affidavit dated December 17, 2003.

1

4.  With one minor exception, all of the attorneys' fees and Westlaw costs incurred in this matter, which are referenced in my previous Affidavit, have been billed to and paid by the client. The only exception is that the relatively small amount of attorney's fees that were incurred in this matter in December of 2003 were not billed until early January of 2004, and that bill has not yet been paid.

5.  I am aware of what other attorneys of similar experience in the Hartford area charge their clients for representation in litigation. My present hourly rate of $400 per hour has been if effect for more than one year. Many of this office's clients are referrals from other attorneys in the Hartford area, which suggests that my rates are well accepted by other attorneys in the community. I believe that the attorney's fees that have been charged in this matter, as set forth in my previous Affidavit, are at the prevailing rate for attorneys in the Hartford area of the years of experience involved. I have been practicing law in Connecticut since 1970. My associate, Nathan Schatz, has practiced law with my firm since 1996, having been first admitted to the practice of law in 1985.

6.  It is my law firm's practice that all Westlaw costs that are incurred in regard to a matter are billed to and paid by the client separate from any charges for attorney time on the matter.

2

7.	After the filing of my previous Affidavit, the plaintiff incurred additional attorney fees of $281.25 (1.25 hours of Attorney Schatz's time) to oppose the defendant's objection to the recommended ruling of the Magistrate Judge.

8.	I therefore I believe that an award to the plaintiffs of $3843.75 for reasonable attorneys' fees, plus $620.40 for the plaintiffs' costs for Westlaw usage, for a total of $4464.15, is fully justified in this case.

_____
RICHARD P. WEINSTEIN

Sworn to and subscribed before me
this 26th day of January, 2004

_____
Leslie M. Vosburgh
Notary Public
My commission expires:

L. M. VOSBURGH
NOTARY PUBLIC
MY COMMISSION EXPIRES FEB. 28, 2005

3