UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR -8  A 10: 48

U.S. DISTRICT COURT
HARTFORD, CT.

ACCEL INTERNATIONAL CORP. and :
ALLEGIANCE INSURANCE MANAGERS, :
LTD., :
                                   :
    Plaintiffs, :
                                   :
V.                                 :    CASE NO. 3:03CV983(RNC)
                                   :
THOMAS RENWICK, :
                                   :
    Defendant. :

## RULING AND ORDER

Magistrate Judge Martinez has recommended that plaintiffs' motion to remand be granted and that they be awarded the just costs of opposing the improper removal and obtaining the remand as permitted by 28 U.S.C. § 1447(c). In accordance with the Magistrate Judge's recommendation, plaintiffs have submitted a request for an award of fees and costs in the total amount of $4,464.15. Defendant contends that the motion to remand should be denied and that an award of fees and costs is unwarranted. After review of the parties' submissions, I agree with the Magistrate Judge that the motion to remand should be granted and that defendant should be required to pay plaintiffs' fees and costs, although not the full amount requested.

The Magistrate Judge correctly concluded that the action must be remanded because plaintiffs' claims are not completely preempted by federal law, as defendant erroneously contends, and subject matter jurisdiction is therefore lacking. The case plaintiff cites in his supplemental memorandum, Hodges v. Demchuk, 866 F. Supp. 730 (S.D.N.Y. 1994), is not to the

contrary. There, the state law claims were based entirely on defendants' allegedly wrongful conduct in the course of conducting discovery in federal court and the lawfulness of their conduct could not be determined without interpreting and applying federal law. Here, the conduct at issue concerns defendant's nonconsensual recording of telephone conversations, the lawfulness of which is governed solely by a state statute, Conn. Gen. Stat. § 52-570d.

Though the action must be remanded, plaintiffs are not necessarily entitled to recover fees and costs under § 1447(c). The discretionary decision whether to award fees and costs for improper removal requires a district court to apply a test of "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." See Morgan Guaranty Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 923-24 (2d Cir. 1992). Applying this test, district courts generally decline to shift fees and costs unless the removal lacked a colorable basis. See Intertec Contracting v. Turner Steiner Intel, S.A., 2001 WL 812224, at *6 (S.D.N.Y. July 18, 2001); Natoli v. First Reliance Standard Life Ins. Co., 2001 WL 15673, at *5 (S.D.N.Y. January 5, 2001).

Defendant's counsel contends that his decision to remove the case was at least arguably proper because plaintiffs' complaint was precipitated by defendant's deposition in a pending federal action and sought injunctive relief that would interfere with ongoing discovery proceedings in the federal court.

I credit counsel's statement that he believed removal was proper. Plaintiffs' state court complaint presented defendant's counsel with an unusual situation. The complaint was filed soon after the first session of defendant's deposition in the federal case. At the deposition, defendant revealed for the first time his possession of a diary containing notes of tape-recorded conversations. Plaintiffs' complaint sought "[t]emporary and permanent injunctive relief against the distribution or use of [the] diary and any materials containing diary information and any transcription, summaries or any other derivative use thereof." Considering the timing and context, defendant's counsel could reasonably believe that this broadly-worded prayer for immediate, extraordinary relief reflected a litigation strategy aimed at convincing a state court judge to prevent any further use of the diary whatsoever, including even in the federal court action.

Defendant's counsel's belief that the case was removable is a factor to be considered in determining the "overall fairness" of an award of fees and costs for improper removal, but it is not dispositive because a finding of bad faith is not required. See Morgan Guaranty Trust Co. of New York, 971 F.2d at 923-24. Also to be considered is whether counsel's good faith belief had a colorable basis in law. If it did, defendant should not be penalized. If it did not, holding defendant responsible for plaintiffs' fees and costs may be necessary to satisfy the test of "overall fairness."

In this case, counsel's good faith belief that removal was proper lacked a colorable legal basis. Even if plaintiffs were using the state court in an attempt to gain an advantage in the federal proceeding, their complaint presented no federal question.

Moreover, when plaintiffs promptly moved to remand, they disavowed any intention to interfere with the federal proceeding. The memorandum they filed in support of their motion plainly stated that "[t]he injunctive relief sought in this action is not intended to interfere with the process of discovery in any other federal court action, but merely seeks to prevent any dissemination of information by the defendant outside of any disclosure that might be compelled in those court proceedings." Pls. Mot. to Remand, p. 2. Given that unequivocal statement on the record, defendant's counsel should have realized that this case could not be maintained in federal court due to a lack of subject matter jurisdiction. His failure to do so caused plaintiffs to needlessly incur additional fees and costs to obtain a remand.

I therefore agree with the Magistrate Judge that an award of fees and costs is reasonable and just.[1] The remaining issue is the amount that should be awarded.

Plaintiffs seek reimbursement for 5 hours of work by Attorney Richard Weinstein at a rate of $375 per hour, 8.75 hours

---

[1] Defendant asserts that plaintiffs will not be required to pay fees because they are insolvent, but plaintiffs have successfully rebutted that assertion.

of work by Attorney Nathan Schatz at a rate of $225 per hour, and $620.40 for computerized legal research. Defendant opposes the request on the grounds that it is not adequately documented and computer research is not compensable.

Defendant's objection to the adequacy of plaintiffs' documentation of their request has merit. The starting point for determining the amount that should be awarded is the calculation of the lodestar amount, which is arrived at by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). A lodestar cannot be calculated unless a fee applicant provides time records specifying the date, hours expended, and nature of work performed. See Hensley, 461 U.S. at 437 & n.12; Cruz v. Local Union No. 3 of Int'l B'hd. of Elec. Workers, 34 F.3d 1148, 1160-61 (2d Cir. 1994). In this case, no time records have been submitted and the affidavits on which plaintiffs rely lack the requisite specificity. Accordingly, the number of compensable hours will be reduced as follows: for Attorney Weinstein - from 5 hours to 3; for Attorney Schatz - from 8.75 hours to 5.

The hourly rate to be used in calculating the lodestar should reflect prevailing market rates for attorneys of comparable skill, experience, and reputation. See Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 172 (2d Cir. 1998). When an attorney submits

only his own affidavit to establish the prevailing rate for similar services, the court looks to previous fee awards. See Evans v. State of Conn., 967 F. Supp. 673, 691 (D. Conn. 1997). Based on the reported decisions, it appears that hourly rates awarded in this district have not exceeded $275 for highly experienced attorneys,[2] or $175 for associates.[3] On this record, then, those are the rates that will be used.[4]

In this District, computerized legal research fees are not recoverable as costs unless the court orders otherwise. See Local Rule 54(c)(7); Schmidt v. Devino, 206 F. Supp. 2d 310, 314-15 (D. Conn. 2001); Omnipoint Communications, Inc. v. Planning & Zoning Comm'n, 91 F. Supp. 2d 497, 500 (D. Conn. 2000). Plaintiffs have not submitted computer records to support an award of these costs. Nor have they provided any reason to overcome the presumption that such costs ordinarily are not recoverable. Therefore, the costs will not be shifted.

Taking these adjustments into account, plaintiffs will be awarded fees and costs in the total amount of $1,700 (3 hours at

---

[2] See, e.g., Tsombanidis v. City of West Haven, 208 F. Supp. 2d 263, 275-76 (D. Conn. 2002) ($275 per hour); LaPointe v. Windsor Locks Bd. of Educ., 162 F. Supp. 2d 10, 18 (D. Conn. 2001) ($275 per hour); Evanauskas v. Strumpf, 2001 WL 777477, *7-8 (D. Conn. June 27, 2001) ($275 per hour); Y.O. By and Through M. v. New Britain Bd. of Educ., 1 F. Supp. 2d 133, 139-40 (D. Conn. 1998) ($250 per hour); Calovine v. City of Bridgeport, 1998 WL 171432, *1 (D. Conn. Feb. 4, 1998) ($250 per hour).

[3] See Tsombanidis, 208 F. Supp. 2d at 276 (citing cases awarding hourly rates of $125 to $175 for associates)

[4] I imply no view as to the reasonableness of the rates actually charged by Attorneys Weinstein and Schatz.

$275 for Attorney Weinstein's work, and 5 hours at $175 for the work of Attorney Schatz).

Accordingly, the recommended ruling is hereby approved and adopted, plaintiffs' motion to remand is granted, plaintiffs' motion for a determination of fees and costs is granted, plaintiffs are awarded $1,700 pursuant to 28 U.S.C. § 1447(c), and the action is hereby remanded to the Connecticut Superior Court.

So ordered.

Dated at Hartford, Connecticut this 8th day of March 2004.

                                                Robert N. Chatigny
                                           United States District Judge